UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2601 CONDOMINIUM                                                    CIVIL ACTION
ASSOCIATION, INC.

VERSUS                                                                       NO. 23-5424

RENAISSANCE RE SYNDICATE                                SECTION "R" (1)
1458, ET AL.

**<u>ORDER AND REASONS</u>**

Before the Court is defendants' unopposed motion to compel

arbitration and stay the proceedings.[1]  For the following reasons, the Court

grants the motion.

I.      **BACKGROUND**

Plaintiff is the owner of property in New Orleans, Louisiana, that was

allegedly damaged during Hurricane Ida on August 29, 2021.[2]  At the time of

the hurricane, the property was covered by an insurance policy issued by

defendants.[3]   Plaintiff alleges that defendants failed to make required

payments under their policy, and it asserts causes of action for breach of the

---

[1]      R. Doc. 4.
[2]      R. Doc. 1-2 ¶¶ 2, 6.
[3]      *Id.* ¶ 5.

insurance contract and breach of the duty of good faith and fair dealing.[4]

Defendants removed the action to this Court, invoking federal-question

jurisdiction because the subject matter of the action relates to an arbitration

agreement enforceable under the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards ("New York Convention" or

"Convention"), and the Federal Arbitration Act ("FAA").[5]   On October 16,

2023, Magistrate Judge Janis van Meerveld granted defendants' motion to

opt-out of the Court's Streamlined Settlement Program.[6]

Defendants now move to compel arbitration and to stay proceedings

pending arbitration.[7]   Defendants contend that arbitration is mandated

under the following provision within the insurance policy:[8]

> All matters in difference between you and us (hereinafter
> referred to as "the parties") in relation to this insurance,
> including its formation and validity, or the value of the property
> or the amount of loss, and whether arising during or after the
> policy period of this insurance, shall be referred to an Arbitration
> Tribunal in the manner hereinafter set out.

---

[4]   R. Doc. 1-2 ¶¶ 11-15.
[5]   R. Doc. 1.  *See also* 9 U.S.C. § 205 (providing for removal of actions when the subject matter "relates to an arbitration agreement or award falling under the Convention").
[6]   R. Doc. 9.
[7]   R. Doc. 4.
[8]   R. Doc. 4-1 at 6.

The arbitration provision further states that "[t]he Arbitration shall take place in New York, New York," and that the "Arbitration Tribunal shall apply the law of the state of New York."[9]  Plaintiff does not oppose the motion.

The Court considers the motion below.

## II.    LEGAL STANDARD

The New York Convention is an international treaty that provides citizens of the signatory countries with the right to enforce arbitration agreements.  The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).  In 1970, the United States acceded to the Convention, and Congress enacted implementing legislation in Chapter 2 of the FAA, 9 U.S.C. §§ 201-208.  *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020).  Chapter 2, often referred to as the "Convention Act," provides for the New York Convention's enforcement, grants federal courts jurisdiction over actions governed by the Convention,

---

9       *Id.* at 7.

and empowers the courts to compel arbitration. 9 U.S.C. §§ 201, 203, 206; *see also Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002 ("Chapter 2 is the Convention Action.")). Chapter 1 of the FAA, 9 U.S.C. §§ 1-16, serves as the primary domestic source of federal arbitration law. *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). Chapter 1 applies to actions brought under the Convention to the extent that it does not conflict with the Convention or its implementing legislation. 9 U.S.C. § 208; *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010); *see also McDermott Intern., Inc. v. Lloyds Underwriters of London*, 120 F.3d 583, 588 (5th Cir. 1997) ("[T]he FAA is the approximate domestic equivalent of the Convention such that the Convention Act incorporates the FAA except where the FAA conflicts with the Convention Act's few specific provisions." (citation and internal quotation marks omitted) (alterations omitted)).

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). The Court "should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a

commercial legal relationship; and (4) a party to the agreement is not an American citizen.'" *Id.* (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 274 (5th Cir. 2002)).  Once these factors have been found to exist, a court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (citation and internal quotation marks omitted).

## III.   DISCUSSION

The Court finds that the Convention applies to the instant dispute because (1) there is a written agreement to arbitrate "all matters in dispute" between the parties;[10] (2) the agreement provides for arbitration in the United States, and specifically in New York;[11] (3) the agreement arises out of a commercial legal relationship, namely, a contract to provide insurance coverage;[12] and (4) a party to the agreement is not an American citizen, as the sole member of defendant Renaissance is a citizen of the United Kingdom.  Plaintiff does not dispute the applicability of the Convention. Plaintiff's allegation that defendants failed to make required payments under the insurance policy constitutes a matter in dispute between the parties.

---

[10]     R. Doc. 1-3 at 51.
[11]     *Id.*
[12]     *Id.*

5

Plaintiff does not contend, and no evidence shows, that the agreement is "null and void, inoperative, or incapable of being performed." *See Freudensprung*, 379 F.3d at 341-42. Accordingly, the Court must order arbitration.

The Convention does not explicitly authorize a court to stay litigation pending arbitration. *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). The FAA applies in Convention cases to the extent that it does not conflict with the Convention. 9 U.S.C. § 208; *Todd*, 601 F.3d at 332. Thus, when the parties' arbitration agreement falls under the Convention, a party may apply for a stay under the FAA, 9 U.S.C. § 3. *Todd*, 601 F.3d at 332. Having found that plaintiff's claims fall under the Convention and must be submitted to arbitration, the Court must stay the action pending arbitration upon application of one of the parties under the FAA. 9 U.S.C. § 3 ("[T]he court . . . upon being satisfied that the issue involved in such suit . . . is referable to arbitration . . . shall . . . stay the trial of the action until such arbitration has been had."). Here, defendants have applied for a stay.[13] Accordingly, the Court must stay the litigation pending arbitration.

---

[13]    R. Doc. 4.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to compel arbitration.   It is ORDERED that the matter is STAYED and ADMINISTRATIVELY CLOSED pending arbitration.

New Orleans, Louisiana, this __4th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE